UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERY WOODS,<br>Petitioner, | Case No. 1:16-cv-922 |
| vs. | Bertelsman, J.<br>Litkovitz, M.J. |
| WARDEN, MARION CORRECTIONAL<br>INSTITUTION,<br>Respondent. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Marion Correctional Institution, in Marion, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1986 convictions and sentence in Hamilton County Case No. B-852988 for five counts of rape, and one count each of aggravated robbery, attempted rape, and robbery. (*See* Doc. 3, page ID 1; *see also* Doc. 6, Ex. 4). This matter is now before the Court on respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit (Doc. 7) because it is a successive petition within the meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider without prior circuit court authorization. Petitioner has filed a response in opposition to respondent's motion (*see* Doc. 8), as well as motions for appointment of counsel (Doc. 5) and to take judicial notice (Doc. 9). Respondent opposes petitioner's motion to take judicial notice. (*See* Doc. 10).

For the reasons that follow, it is recommended that respondent's motion to transfer the petition to the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b) (Doc. 7) be **GRANTED**. Petitioner's motion to take judicial notice (Doc. 9), which broadens his challenge to the judgment in Case No. B-852988, is construed as a motion to amend and is **GRANTED** to the extent petitioner seeks to clarify his claims. In light of the recommendation to transfer this case to the Sixth Circuit, petitioner's motion for appointment of counsel (Doc. 5)

is **DENIED** as moot.

I.     **BACKGROUND**

### Petitioner's State-Court Convictions

In 1986, while on probation,[1] petitioner was convicted in Hamilton County Case No. B-852988 of five counts of rape, and one count each of aggravated robbery, attempted rape, and robbery. (Doc. 6, Ex. 4). The trial court revoked his probation, and sentenced petitioner to an aggregate prison sentence of fifteen to fifty years of imprisonment in the Ohio Department of Corrections. (*See id.*, Exs. 4-8).[2]

The Ohio Court of Appeals affirmed petitioner's convictions, and the Ohio Supreme Court dismissed the appeal as not presenting a substantial constitutional question. (*See* Doc. 6, Ex. 18, page ID 181) (setting forth procedural history). The Ohio Court of Appeals denied petitioner's attempt to reopen his appeal as untimely, and the Ohio Supreme Court denied further review. (*See id.*). Petitioner's attempts at post-conviction relief were unsuccessful. (*See id.*).

### Petitioner's Prior Federal Habeas Proceedings

Thereafter, in 2001, petitioner filed in this Court a § 2254 petition for a writ of habeas

---

[1] At the time of his convictions in Case No. B-852988, petitioner was on probation in Hamilton County Case Nos. B-842819 and B-842032, having pleaded guilty in both cases to aggravated burglary. (*See* Doc. 6, Exs. 1-3).

[2] In Case No. B-852988, the trial court sentenced petitioner to concurrent prison sentences of ten to twenty-five years in the Ohio Department of Corrections on the rape and aggravated robbery counts and five to fifteen years in the Ohio Department of Corrections on the attempted rape and robbery counts. (*See* Doc. 6, Ex. 4). After revoking his probation, the trial court sentenced petitioner in Case No. B-842819 to a prison sentence of ten to twenty-five years to run consecutively to Case Nos. B-852988 and B-842032 and, in Case No. B-842032, to a prison sentence of five to twenty-five years to run consecutively to Case No. B-852988. (*See id.*, Exs. 5 & 6). In 1995, prior to petitioner seeking federal habeas relief, the trial court amended *nunc pro tunc* the judgments in Case Nos. B-842819 and B-842032 to impose prison sentences of five to twenty-five years to run concurrently to each other but consecutively to Case No. B-852988, giving rise to the aggregate sentence of fifteen to fifty years that petitioner is currently serving. (*See* Doc. 6, Exs. 7 & 8). The only judgment at issue in this case is the judgment of conviction in Case No. B-852988, as petitioner does not challenge the validity of the judgments in Case Nos. B-842819 or B-842032.

corpus (his first), raising claims that: (1) trial counsel performed ineffectively; (2) appellate counsel performed ineffectively; (3) the prosecutor engaged in misconduct; and (4) there was insufficient evidence to support his convictions. This Court dismissed the petition as time-barred, and the Sixth Circuit denied a certificate of appealability. (*See id.*).

In 2004, petitioner filed a motion in the Sixth Circuit for leave to file second or successive habeas petition asserting claims that: (1) there was insufficient evidence to support his convictions; (2) the prosecutor engaged in misconduct; (3) appellate counsel performed ineffectively; and (4) trial counsel performed ineffectively. (*See id.*, page ID 183). The Sixth Circuit denied the motion. (*See id.*). In 2010, petitioner filed another motion in the Sixth Circuit for leave to file a second or successive habeas petition on the grounds that his continued incarceration violated the Eighth and Fourteenth Amendments because he had already served twenty-four years of imprisonment when his sentence was only fifteen years. The Sixth Circuit again denied the motion. (*See id.*).

In 2013, petitioner filed another habeas petition in this Court (his second), raising a single ground for relief: "petitioner is in involuntary servitude through a legal process where the petitioner was not duly convicted of a crime in violation of the petitioner['s] [U]nited [S]tates constitutional rights[,] amendments 13, 14." (*See* Doc. 6, Ex. 22, page ID 200). This Court transferred the petition to the Sixth Circuit as a motion for leave to file a second or successive habeas petition, and the Sixth Circuit denied the motion. (Doc. 6, Exs. 24, 28).

### Petitioner's Return to the State Courts

Meanwhile, in 2010, petitioner returned to the state courts to file a state petition for habeas corpus relief, asserting the same claim that he raised in his 2010 Sixth Circuit motion to

3

file a second or successive habeas petition. (*See* Doc. 6, Ex. 18, page ID 183). The Ohio Supreme Court denied the petition. (*See id.*).

In 2012, petitioner filed a declaratory judgment proceeding, seeking release from state custody on the ground that his sentence had expired. (*See* Doc. 6, Ex. 20). The trial court dismissed the motion, finding that petitioner's remedy, if any, lay in habeas corpus and that he otherwise failed to comply with the requirements of the Ohio Revised Code. (*See id.*, Ex. 21). The record does not indicate that petitioner appealed from that judgment.

In 2014, petitioner filed motions for correction of sentence in Case Nos. B-852988 and B-842032, which the trial court denied as untimely, as raising a matter that could have been raised on appeal, and as lacking merit. (*See* Doc. 6, Exs. 29 & 30). The Ohio Court of Appeals denied petitioner's appeal, finding that the trial court lacked jurisdiction to adjudicate the motions (*see* Doc. 6, Ex. 34), and the Ohio Supreme Court denied further review (*see* Doc. 6, Ex. 39).

## II. CURRENT FEDERAL HABEAS PETITION

In petitioner's current federal habeas petition (his third), he challenges the judgment in Case No. B-852988 on a single ground:

> [The Ohio Department of Corrections] ha[s] no jurisdiction to incarcerate the petitioner w[h]ere the trial court judge refuse[d] or fail[ed] to sign the petitioner['s] sentencing judgment entry into execution on Aug. 7, 1986 pursuant to Crim. R[.] 32(C) Former Crim. R[.] 32(B) in violation of the petitioner['s] [U]nited [S]tates constitutional right[,] [A]mendment 14.

(Doc. 3, page ID 64). In his motion to take judicial notice (Doc. 9), which the Court construes as a motion to amend, petitioner also asserts that the judgment in Case No. B-852988 "does not state the fact of the conviction as required by Ohio Law Crim. R. 32(C) or the plea, verdict and findings for which the conviction is based." (Doc. 9, page ID 446).

4

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was

dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder,* 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.,* whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd

6

Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[3]

The Supreme Court has held that a habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson,* 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan,* 807 F.3d 154, 159 (6th Cir. 2015), *reversing,* No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).[4]

---

[3] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

[4] It is noted that in an unpublished decision filed after *King,* but before *In re Stansell,* the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood.*" *Askew v. Bradshaw,* 636 F. App'x 342, 348 (6th Cir. 2016). In so emphasizing, the court stated: "Indeed, in *In re Mackey,* No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Id. Askew* was undercut by the Sixth Circuit in *In re Stansell* to the extent that the Sixth Circuit expressly rejected the State's arguments that "only a full resentencing results in a new judgment" and that amendments to post-release control are merely "ministerial change[s]" or "technical correction[s]" that "do not alter the substance of [the petitioner's] sentence and thus do[] not create a new judgment." *In re Stansell,* 828 F.3d at 417. In the later published decision, the Sixth Circuit held that even in cases where a sentence is only partially vacated and remanded for resentencing for the sole purpose of

7

In this case, petitioner challenges the same 1986 judgment (Case No. B-852988) that he challenged in his prior federal habeas petition and that he unsuccessfully moved for leave to challenge through a second or successive federal habeas petition. This Court adjudicated petitioner's initial petition on the merits and, as set forth above, transferred his second or successive petition to the Sixth Circuit. In his response in opposition to the respondent's motion to transfer, petitioner asserts that the instant federal habeas petition is not successive because the petition does not challenge his 1986 *convictions*, but, instead, whether the judgment in Case No. B-852988 "is a forcible legal document." (Doc. 9, page ID 436).[5] Petitioner, however, cannot avoid the requirements of § 2244(b) by raising a new claim that the judgment in Case No. B-852988 is void. (*See* Doc. 6, Ex. 28, page ID 317-18) (containing a copy of the Sixth Circuit's order in Case No. 14-3717 finding that petitioner's challenge to the validity of the judgment in Case No. B-852988 on the basis that it was invalid because it was not signed failed to meet the requirements of 28 U.S.C. § 2244(b)).

To the extent that petitioner raises claims that were presented in his initial habeas petition, these claims are successive under § 2244(b)(1). With respect to any new claims presented in the instant petition, petitioner has not argued nor does it appear that petitioner's

---

adding a term of post-release control, the change in sentence is a new judgment that does not implicate successive-petition concerns. *See id.* at 418. In so ruling, however, the court emphasized that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id.* at 419 (emphasis in original).

[5] In his opposition to the respondent's motion to transfer, petitioner asserts that, in denying his 2014 motions to correct his sentence,"[t]he [s]tate[] [c]ourts just disregarded [that] the trial court judgment entry B852988 [sic] is void w[h]ere the trial judge fail[ed] to sign the judgment entry under [O]hio law Crim. R. 32(C) in violation of the petitioner['s] [U]nited [S]tates constitutional rights[,] Amendment 14." (Doc. 8, page ID 438). Petitioner may argue that his federal habeas petition is not successive to the extent he challenges the state courts' denial of his 2014 post-conviction motions to correct his sentence. However, such a claim is not cognizable in federal habeas review because "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court or that the factual basis for the claim could not have been discovered previously. In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. Moreover, as to petitioner's new claims for relief in the instant petition, the claims are successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual basis for the claims could not have been discovered previously through the exercise of due diligence.

In sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also*

9

*Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, respondent's motion to transfer the instant petition to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it should be **GRANTED**. (*See* Doc. 7). Petitioner's motion to take judicial notice (Doc. 9), which is construed as a motion to amend, is **GRANTED** to the extent petitioner seeks to clarify his claims. Petitioner's motion for appointment of counsel (Doc. 5) is **DENIED** as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), respondent's motion to transfer the petition (Doc. 7) be **GRANTED** and the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion to take judicial notice (Doc. 9), which is construed as a motion to amend, is **GRANTED** to the extent petitioner seeks to clarify his claims. In light of the Court's recommendation that the petition be transferred to the Sixth Circuit, petitioner's motion for appointment of counsel (Doc. 5) is **DENIED** as moot.

Date: 7/3/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERY WOODS,<br>Petitioner,<br><br>vs.<br><br>WARDEN, MARION CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:16-cv-922<br><br>Bertelsman, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).